D717

JOSEPH J. PERRONE (JP 6832)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone: (646) 328-0120
Attorneys for Defendant
Miller's Launch, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

EDWARD PICKMAN,                                   Civil Action No.: 06-CV-7306

                          Plaintiff,              HON. SIDNEY H. STEIN

            -against-                             **ANSWER**

MILLER'S LAUNCH, INC.,

                          Defendants.

---------------------------------------------------------------------x

        Defendant, MILLER'S LAUNCH, INC., by its attorneys, Bennett, Giuliano, McDonnell

& Perrone, LLP, answers the Complaint of the plaintiff, by asserting upon information and

belief as follows:

## FIRST COUNT

        1.      Admits that Defendant Miller's Launch, Inc. is a New York Corporation with its

principle place of business in the Eastern District of New York; but except as so specifically

admitted, denies each and every other allegation contained in said paragraph.

        2.      Denies the allegations contained in paragraphs numbered 2, 3, 4, 5, 7, 8 and 9.

        3.      Answer the allegations contained in paragraph numbered 6, by admitting that

plaintiff was an employee of Miller's Launch, Inc.; but except as so specifically admitted,

denies each and every other allegation contained in said paragraph.

## SECOND COUNT

4.     Answers the allegations contained in paragraph numbered 10, by repeating and reaffirming with the same force and effect each and every admission, denial answer or assertion to the allegations in the First Count as if set forth herein.

5.     This answering defendant denies that any maintenance, cure of medical expenses are owed to plaintiff.

## FIRST DEFENSE

1.     The Complaint fails to state a cause of action in favor of the plaintiff.

## SECOND DEFENSE

2.     The Complaint fails to state a cause of action for which relief maybe granted in favor of the plaintiff.

## THIRD DEFENSE

3.     If plaintiff sustained injuries and damages as alleged in the complaint, which is denied, said injuries and resulting of damages were as a the result of the intentional acts, want of due care, and/or willful misconduct of the plaintiff, and his claims are barred under principles of contributory fault.

## FOURTH DEFENSE

4.     If plaintiff sustained injuries and damages as alleged in the compliant, which is denied, said injuries and resulting of damages were caused by or contributed to by the negligence, want of due care, and/or omissions of said plaintiff, and any award in damages to said plaintiff must be reduced by his percentage of comparative fault.

## FIFTH DEFENSE

5.      If plaintiff sustained injuries and damages as alleged in the compliant, which is denied, said injuries and results of damages were caused by plaintiff's culpable misconduct or failure to obey orders of the defendant, including the vessel's master and ship's officers, and as a direct result, plaintiffs claims are barred.

## SIXTH DEFENSE

6.      If plaintiff sustained injuries and damages as alleged in the compliant, which is denied, said injuries and resulting of damages were caused by plaintiff's failure to adhere to the instructions and/or directions of his superiors and as a result, plaintiff's has assumed the risks thereof, and this defendant is not liable therefore.

## SEVENTH DEFENSE

7.      If plaintiff sustained injuries and damages as alleged in the compliant, which is denied, said injuries and resulting of damages were caused by and/or contributed to by the illegal and/or criminal acts of the plaintiff, and this defendant is not liable therefore.

## EIGHTH DEFENSE

8.      If plaintiff sustained injuries and damages as alleged in the compliant, which is denied, said injuries and resulting of damages were caused and/or such contributed to by the plaintiff's use and/or misuse of drugs (over-the-counter prescription and/or illegal) and/or alcohol and/or any combination thereof; and this defendant is not liable therefore.

## NINTH DEFENSE

9.      Plaintiff has failed to properly and continuously seek medical attention for any injuries he alleges to have sustained, and as a result, the claims are barred.

## TENTH DEFENSE

10.    Plaintiff has been paid all of the maintenance and received all of the cure he is legally entitled to; and as such, his claims for maintenance and cure are moot.

## ELEVENTH DEFENSE

11.    Defendant has fully discharged its obligations to the plaintiff for payment of maintenance and wages to the end of the voyage.

## TWELFTH DEFENSE

12.    Plaintiff claims for maintenance and cure have been waived by his failure to timely demand same.

## THIRTEENTH DEFENSE

13.    Plaintiff has failed to mitigate his damages.

## FOURTEENTH DEFENSE

14.    This defendant as crewing agent and operator of the vessel M/V NICHOLAS MILLER, carefully and thoroughly screened all of its crew for competence, dutifully and fully maintained its vessel to all applicable standards and did all that is required under law to make said vessel fit for its intended voyage prior to its departure from Staten Island, N.Y.; as a result thereof, defendant has breached no obligation to plaintiff under applicable law and is therefore not liable.

## FIFTHTEENTH DEFENSE

The claims plaintiff has asserted are encompassed by the general maritime law and statutory federal maritime law of the United States, and to the extent the aforesaid that maritime law conflicts with any other jurisdiction's legal tenets, it supersedes it.

## SIXTEENTH DEFENSE

15.    Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTHTEENTH DEFENSE

16.    Plaintiffs' complaint should be dismissed under the doctrine of forum non-conveniens as all of the necessary witnesses and operative facts are based in another jurisdiction, to wit, the Eastern District of New York.

## EIGHTEENTH DEFENSE

17.    The rights and liability as between the parties are governed by the employment contract between plaintiff and defendant as memorialized in the shipping articles signed by both plaintiff and defendant.

## NINETEENTH DEFENSE

18.    Defendant, as owner *pro hac vice* of the M/V NICHOLAS MILLER, is entitled to all of the benefits, protections and immunities contained within the United States Shipowners Limitation of Liability Act, 46 U.S.C.A. Sec: 30501 et. seq., including its provisions providing for exoneration from or limitation from liability.

**WHEREFORE**, the defendant demands judgment dismissing the plaintiffs complaint with prejudice, that it be granted costs of suit and attorneys fees for defending this action, and that it be given such other and further relief as the pursuits of truth and justice may so require.

Date:   New York, New York
        November 7, 2007

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendant
Miller's Launch, Inc.

By:_____
        Joseph J. Perrone (JP6832)

Z:\Documents\All Files\D717 Pickman v. MV Nicholas Miller\Legals\Answer-110707.doc