**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiff
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385
JJ-8110

**BENNETT, GIULIANO, MCDONNELL
& PERRONE LLP**
Attorneys for Defendant
494 Eighth Avenue, 7th Floor
New York, NY 10001
(646) 328-0120
JP-6832


**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

EDWARD PICKMAN,

                                              07 CV 7306 (SHS)(THK)

                Plaintiff,

          -against-

MILLER'S LAUNCH, INC.,

                Defendant.

-------------------------------------------------------X


**JOINT
<u>JURY INSTRUCTIONS</u>**

## The Statute

The plaintiff, Edward Pickman, brings this action against the defendant, Miller's Launch, Inc., (hereinafter "Defendant" or "Miller's Launch"), under the Jones Act (and under another doctrine, known as "unseaworthiness," which I will discuss later and which is governed by different standards). The Jones Act provides in substance that every employer whose employees are members of the crew of a vessel in navigation shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents, or employees, or from any defect or deficiency, due to its negligence, in the vessel, its crew, or its equipment,

5 L. Sand, et al., *Modern Federal Jury Instructions - Civil*, Instruction 90-1 (2007).

## Elements

Before you may find Defendant liable to Mr. Pickman under that statute, you must find by a preponderance of the evidence:

First, that Mr. Pickman was a member of the crew of a vessel, acting in the course of his employment;

Second, that Defendant was Mr. Pickman's employer;

Third, that Defendant or one of its officers, employees, or agents were negligent; and

Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to Mr. Pickman.

Only then do you reach the question of damages, which I will discuss later.

In this case, there is no dispute that on September 29, 2004, Mr. Pickman was a member of the crew of the M/V NICHOLAS MILLER acting in the course of his employment, and that Defendant was Mr. Pickman's employer.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-2.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 3

## Third Element - Negligence

The third element of the Jones Act claim is whether Defendant or its officers, employees, or agents were negligent.

The fact that Mr. Pickman was injured during his employment does not automatically entitle him to recover from his employer. Mr. Pickman can recover from Defendant only if negligence and the other elements I will describe to you are established by a preponderance of the evidence.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-11.

## Negligence Defined

What is negligence? Negligence is simply the failure to use the same degree of care that a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something that a reasonably prudent person would not have done or failing to do something that a reasonably prudent person would have done under the circumstances.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-12.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 5

## Duty to Guard Against Foreseeable Risks

This definition of negligence requires Defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, Defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-13.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 6

### **Foreseeability Considerations**

How do you determine whether the Defendant knew or, through the exercise of reasonable care, should have known of a particular risk or danger?

First, you may consider any evidence presented concerning the actual knowledge of the Defendant or its employees or agents.

Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the employer or its employees or other agents, for example, through the employee's statements, complaints or protests that a particular condition or assignment was dangerous.

Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the Defendant's attention or otherwise would have known of the condition.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the Defendant failed to take such reasonable precautions, then you may find that the Defendant was negligent.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-14.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 7

## Standard Varies With Level of Risk

The degree of care required by the reasonable care standard varies with the level of risk in the particular situation.  The greater the risk of harm, the greater the required level of care.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-15.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 8

## Duty to Provide Safe Place to Work

Thus, the Jones Act imposes on the Defendant a duty to exercise reasonable care to provide the plaintiff with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonably safe tools and equipment.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-16.

## **Duty to Inspect**

This duty includes the responsibility to inspect the premises where the Defendant's employees will be working, to inspect their equipment, and to take reasonable precautions to protect the employees from possible danger.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-18.

## Continuing Duty

The Defendant's duty is a "continuing duty," from which the Defendant is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-19.

## Industry Custom and Safety Rules

In addressing the question of negligence, you may consider the evidence which was presented concerning the custom in the industry. If you find that there were such customs, they may indicate recognition of a hazard and of means to avoid it, which you may consider as one indication of what may be reasonable in a given situation. On the other hand, you may find that an industry custom does not reflect the level of care a reasonably prudent person would take and that, although an industry custom was followed, the Defendant was negligent. Before you may impose liability, you must still find that the Defendant failed to exercise reasonable care in the circumstances.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-22.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 12

### Negligence Summary

To summarize, if you find by a preponderance of the evidence that the Defendant failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that the Defendant was negligent.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-24.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 13

## **Fourth Element - Causation**

The fourth element of a Jones Act claim, which plaintiff must prove by a preponderance of the evidence, is that an injury to plaintiff resulted in whole or part from the negligence of the Defendant or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?

However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-25.

## Causation

Any negligence on the part of an employer under the Jones Act which plays any part, however slight, in producing an injury to an employee is sufficient to fix liability for such injury. *Ferguson v. Moore-McCormack Lines, Inc.*, 352 U.S. 521 (1957); *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500 (1957); *Wills v. Amerada Hess Corp.*, 379 F.3d 32 (2d Cir. 2004); *Williams v. Long Island R.R. Co.*, 196 F.3d 402 92d Cir. 1999).

### **Contributory Negligence**

I have already explained that you may find the Defendant liable to the plaintiff if it negligently failed to provide plaintiff with a safe place to work or were otherwise negligent, and if such negligence played a part, even the slightest, in causing the plaintiff's injuries.  In this case, the Defendant has contended that plaintiff's injuries were due (at least in part) to plaintiff's own negligence.  This is referred to as "contributory negligence."  However, even if you find that the plaintiff was negligent under the standards that I will describe in a moment, that does not prevent plaintiff from recovering damages if you find that the Defendant's negligence also played a part in causing plaintiff's injuries.  Rather, it would result in a reduction of plaintiff's damages in proportion to the amount of negligence attributable to plaintiff, as I will explain in detail shortly. *Note* on this issue the burden of proof lies with the Defendant.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-26.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 16

## **Contributory Negligence Standards**

A seaman is held to the same standard of ordinary care which I have already described. Thus, to sustain their claim that the plaintiff was contributorily negligent, the Defendant must prove by a preponderance of the evidence that the plaintiff failed to exercise ordinary care, and that such failure played a part in bringing about his injuries.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-27.

## Contributory Negligence - More Than Knowledge Required

In considering the question of plaintiff's contributory negligence, if any, account must be made for the general position of seaman. Generally speaking, it is the duty of the seaman to do the work assigned; it is not his duty to find the safest method of doing it, or to devise a safer method.

Thus, the plaintiff cannot be found contributorily negligent based solely on his knowledge or acceptance of a dangerous situation or based on the fact that he was working at a dangerous job. Rather, you may find the plaintiff contributorily negligent only if Defendant has proved by a preponderance of the evidence that plaintiff did not exercise ordinary care for his own protection, such as by failing to use an available safe alternative, of which he knew or should have known. But, remember, the mere fact that the plaintiff continued working in spite of a dangerous situation does not constitute contributory negligence and cannot prevent or reduce his recovery. 5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-28. *See, e.g., Williams v. Long Island R.R. Co.*, 196 F.3d 402 (2d Cir. 1999); *Earl v. Bouchard Transp. Co.*, 917 F.2d 1320 (2d Cir. 1990).

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 18

## **Comparative Negligence**

Now, assuming that you find by a preponderance of the evidence that the Defendant was negligent and that such negligence played a part in causing plaintiff's injuries; and assuming that you find by a preponderance of the evidence that plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which plaintiff's negligence, if any, contributed to his injuries. You will report this percentage on the special verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find his negligence contributed to his own injuries.

As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-29.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 19

## Damages - Introduction

You reach the issue of damages only if you find that Mr. Pickman has established by a preponderance of the evidence either that Defendant was negligent or that the vessel was unseaworthy.

The fact that I charge you on the issue of damages does not mean that Mr. Pickman is entitled to prevail - that is for you to decide. I instruct you on this subject only in the event you decide that Mr. Pickman has sustained his burden of proof as to Defendant's liability.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instructions 90-42.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 20

## Damages - Generally

The purpose of the Jones Act is to compensate an injured party for the damages sustained as a result of another's negligent conduct (or conduct in violation of the duty to provide a seaworthy vessel).

Your award must be fair and just.

It should neither be excessive nor inadequate; it should be reasonable.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instructions 90-43.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 21

## **Personal Injury Action**

Under the Jones Act, Mr. Pickman, if he has sustained his burden of proof, may recover for:

Loss of earnings from the time of the accident to the present, and from the date of the trial into the future;

Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits; and pleasures of life, experienced from the date of the accident to the present; and

Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, if any, as you may reasonably find he is likely to endure in the future as a result of his injury.

The plaintiff may also recover his out-of-pocket expenses, such as medical bills.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-44.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 22

## **Loss of Past Earnings**

There are two categories of lost earnings: past lost earnings, or loss of earning capacity, that is, from the date of injury to trial; and future lost earnings, or loss of earning capacity, that is, from the date of trial into the future.

Regarding past lost wages, there has been evidence that the plaintiff did not work as a seaman after September 29, 2004, that his usual compensation as a seaman employee of Defendant between that time and January 18, 2005 when he returned to work as a dispatcher would have been about $9,725.00, and that Defendant paid compensation of about $5,600.00 during that time.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-47; *Gorniak v. National Railroad and Passenger Corp.*, 889 F.2d 48 (3d Cir. 1989); *Wiles v. New York, Chicago and St. Louis RR Co.*, 283 F.2d 328 (3d Cir.), *cert. denied*, 364 U.S. 900 (1960).

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 23

## Lost Earnings - Introduction

In considering lost (future) earnings, it is assumed that if the injured party had not been disabled, he would have continued to work and to receive wages for some period of time. The purpose of this element of damages is to compensate the worker for the loss of that income, or his loss of earning capacity. To determine the award for this element, if any, you must determine how many additional years the plaintiff would have worked, as well as what his annual compensation would have been during each (future) year.

Regarding the number of years which the plaintiff would have worked, plaintiff's worklife expectancy is an additional 21.6 years, or to age 59.5. Traditional retirement age is at age 65. It is for you to determine based on all of this evidence, how many additional years the plaintiff would have worked.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-48.

## **Lost Earnings - Computation**

Regarding the annual compensation which plaintiff would have received in each (future) year, you must address several items, based on the evidence presented at this trial:

First, you must determine the amount of wages that would have been received in each year.  Since the award, if any, is not subject to taxes, this amount should be an after-tax amount.

In determining the amount of such wages, you may start with the worker's annual wage at the time of injury.  You then may consider the evidence presented and determine the extent to which the plaintiff would have received raises due to years of service, merit, promotions, or general increases in the wages of workers.  You may not consider raises which might have resulted from price inflation during those years, either through cost-of-living increases or otherwise.

The fact that Mr. Pickman is currently in a higher paying position than he had with Defendant does not preclude you from finding he is entitled to recover for loss of earning capacity.  The fact he is in a higher paying position is merely one of several factors for you to consider in deciding whether Mr. Pickman's economic prospects have been narrowed by his injury.  In that regard, you are entitled to consider whether Mr. Pickman might be laid off or discharged in the future and whether he is chained to his present job in a kind of economic servitude because other employers may be unlikely to risk hiring him.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 25

Second, you may also consider fringe benefits, including insurance coverage, pension and retirement plans as compensation in each year.

Finally, you should deduct from this annual amount unreimbursed expenses which would have been incurred in earning the future income. Such expenses might include transportation to work, uniforms and other such items.

You should calculate an amount of compensation for each future year during which the plaintiff would have worked.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-49; *Gorniak v. National Railroad and Passenger Corp.*, 889 F.2d 48 (3d Cir. 1989); *Wiles v. New York, Chicago and St. Louis RR Co.*, 283 F.2d 328 (3d Cir.), *cert. denied*, 364 U.S. 900 (1960).

## **Discounting to Present Value**

Once you have determined the lost annual compensation, if any, for each past and future year, totaling those annual figures would give you the approximate amount of lost wages. However, it is self evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period. A given sum of money now in hand may be invested and earn interest. Thus, if you make an award for lost earnings, past and future, such award must be reduced to its present value. This process is referred to as "discounting to present value," but the Court will, and you should not perform the discounting, if necessary. Your award for lost earnings, past and future, if any, should be the total lost annual compensation.

5 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 90-51. *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 103 S. Ct. 2541 (1983); *Taliercio v. Compania Empressa Lineas Argentina*, 761 F.2d 126, 129 (2d Cir. 1985).

## Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the Defendant's violation of the plaintiff's rights. If you find that the Defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the Defendant's conduct.

These are known as compensatory damages. Compensatory damages seek to make the plaintiff whole. That is, to compensate him for the damage that he has suffered. Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a Defendant's conduct.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a Defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 28

mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

4 L. Sand, et al., *Modern Federal Jury Instructions*, Instruction 77-3.

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 29

## Pain and Suffering

Your verdict may include a sum of money which justly and fairly will compensate the plaintiff for the pain, suffering, and mental anguish, if any, he has suffered as a result of the events in question from the time they occurred to the present. Included within this figure must be proper compensation for plaintiff's deprivations, his inconvenience and distress, and for the denial of the opportunity to engage in normal activities in the usual pursuit of happiness.

The placing of a dollar value on pain and suffering is a difficult task. You must use your best judgment. The plaintiff is not entitled to recover for pain and suffering upon mere speculation, conjecture, or guesswork, but the nature of proof on questions of pain and suffering is necessarily subjective.

I cannot give you any fixed rules for reaching a proper amount of damages for pain and suffering because there is no yardstick to measure in money the items of pain, suffering, injuries, and any disabilities caused by an event. The law, however, leaves this to your sound judgment based upon a consideration of all the evidence and your ability as jurors to estimate what this amount should be, based upon the intensity, severity, duration, and permanency, if any, of the pain and suffering which this plaintiff has experienced as a result of the incidents in issue. But, in making any award, I remind you, you must be reasonable.

In addition to any award for pain and suffering up until now, if you find from the evidence in this case that any injuries sustained by the plaintiff may continue into the future, such that he is reasonably certain to suffer in the future from the same cause,

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 30

you must make such allowance in your verdict.  In considering this, you should take into account both the nature and extent of the plaintiff's injury and the period of time that has elapsed from the date of the injury to the present time and the period of time that the plaintiff can be expected to live.

Instruction given by Hon. John Gleeson in the matter of *Synan v. Turecamo*, 99 Civ. 2532 (JG) (E.D.N.Y. 1999).

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 31

## Life Expectancy – Table of Mortality

The standard table of mortality which the Court has judicially noticed and received in evidence in this case may be considered by you in determining by you how long the claimant may live.  According to the table of mortality, the life expectancy in this country of a male person 37.9 years of age is an additional 39.9 years, or to age 77.8.

Life expectancy, as shown by a mortality table, is merely an estimate of the probable average remaining length of life of all persons in the United States of a given age and sex, and that estimate is based upon a limited record of experience.  So, the inference which may reasonably be drawn from life expectancy, as shown by the table, applies only to one who has the average health and exposure to danger of people of that age and sex.

In determining the reasonably certain life expectancy of the plaintiff, you should consider, in addition to what is shown by the table of mortality, all other facts and circumstances in evidence in the case bearing upon the life expectancy of the plaintiff, including his occupation, habits, past health record and present state of health.

When considering life expectancy, in determining any reasonably certain future damage, you will bear in mind, of course, the distinction between entire-life expectancy and work-life expectancy.  Those elements of damage that are related to future income should be measured by only the plaintiff's remaining work-life expectancy,  not his entire-life expectancy.  On the other hand, those elements of

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 32

damage that are related to pain and suffering, loss of life's pleasures, emotional suffering, and curtailment of physical activities should be measured by plaintiff's entire-life expectancy.    3 *Federal Jury Practice and Instructions - Civil*, §128.21 (5th ed. 2000). ("FJPI")

## Pain and Suffering

Once you have determined the pain and suffering, if any, for each past and future year, totaling those figures would give you the approximate amount of damages for pain and suffering.  However, it is self-evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period.  A given sum of money now in hand may be invested and earn interest.  Thus, if you make an award for pain and suffering, past and future, such award must be reduced to its present value.  This process is referred to as "discounting to present value," but the Court will, and you should not perform the discounting, if necessary.  Your award for lost earnings, past and future, if any, should be the total lost annual compensation.  *Grace v. Corbis-Sygma*, 487 F.3d 113 (2d Cir. 2007); *Oliveri v. Delta S.S. Lines, Inc.*, 849 F.2d 742 (2d Cir. 1988).

## **Medical Expenses**

If you determine that Mr. Pickman may require medical treatment and incur medical expenses in the future for treatment related to the injuries he sustained in the accident on the M/V NICHOLAS MILLER, you may award him damages for such expenses.   *Buch v. United States*, 220 F.2d 165 (2d Cir. 1955); *Butwinski v. Pennsylvania R.R. Co.*, 249 F.2d 644 (2d Cir. 1957); *Conte v. Flota Mercante Del Estado*, 189 F. Supp. 67 (S.D.N.Y. 1960).

07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 35

## Prejudgment Interest

The parties request that the Court determine whether prejudgment interest should be awarded and, if so, the proper percentage to be applied. *Hygrade Operators, Inc. v. Clifford*, 2000 WL174928 (S.D.N.Y. 2000).


Dated: New York, New York
      September 2, 2008


**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiff

By: _____
John P. James (JJ-8110)
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385
e-mail: jjames@friedmanjames.com

**BENNETT, GIULIANO, MCDONNELL
& PERRONE LLP**
Attorneys for Defendant

By: _____
Joseph J. Perrone (JP-6832)
494 Eighth Avenue, 7th Floor
New York, NY 10001
(646) 328-0120
Fax:   (646) 328-0121
e-mail:jperrone@bgmplaw.com


07 CV 7306(SHS)(THK)
Edward Pickman v. Miller's Launch, Inc.

Joint Submission
Page 36