```
                                          ┌─────────────────────────────┐
                                          │ USDC SDNY                   │
                                          │ DOCUMENT                    │
                                          │ ELECTRONICALLY FILED        │
FRIEDMAN, JAMES & BUCHSBAUM LLP           │ DOC #: _____       │
Attorneys for Plaintiff                   │ DATE FILED: 9/4/08          │
132 Nassau Street, Suite 900              └─────────────────────────────┘
New York, NY 10038
(212) 233-9385
JJ-8110

BENNETT, GIULIANO, MCDONNELL
& PERRONE LLP
Attorneys for Defendant
494 Eighth Avenue, 7th Floor
New York, NY 10001
(646) 328-0120
JP-6832
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X

EDWARD PICKMAN,

                                                                   07 CV 7306 (SHS)(THK)

                Plaintiff,

        -against-                        **JOINT PRETRIAL ORDER**

MILLER'S LAUNCH, INC.,

                Defendant.

-----------------------------------X

      The parties having conferred among themselves and the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, now therefore, the following statements, directions and agreements are adopted as the Joint Pretrial Order herein:

**I.**     **FULL CAPTION**

      1.    The full caption of the action is as set forth above.

II.  **TRIAL COUNSEL**

    1.  **For Plaintiff:**

        John P. James
        **FRIEDMAN, JAMES & BUCHSBAUM LLP**
        132 Nassau Street, Suite 900
        New York, NY 10038
        Tel.:   (212) 233-9385
        Fax:   (212) 619-2340
        e-mail: jjames@friedmanjames.com

    2.  **For Defendant:**

        Joseph J. Perrone
        **BENNETT, GIULIANO, MCDONNELL & PERRONE LLP**
        Attorney for Defendant
        494 Eighth Avenue, 7th Floor
        New York, NY 10001
        Tel.   (646) 328-0120
        Fax:   (646) 328-0121
        e-mail: jperrone@bgmplaw.com

III.  **SUBJECT MATTER JURISDICTION**

    1.  Subject matter jurisdiction is based on 28 U.S.C. §1331, federal question jurisdiction in that this is a claim brought pursuant to the Jones Act, 46 U.S.C. § 30104 and the General Maritime Law.

IV.  **SUMMARY OF CLAIMS AND DEFENSES ASSERTED WHICH REMAIN TO BE TRIED:**

    1.  **Plaintiff**

        (a)  Negligence:

        Plaintiff's claims are based on defendant's failure (1) to provide plaintiff with a safe place to work; (2) to provide plaintiff with a safe means of ingress and egress from a facility on defendant's pier necessarily used by plaintiff; (3) to

2

comply with regulations and standards established by the American Society for Testing and Materials, New York State, New York City, and the Occupational Safety and Health Administration all of which are detailed in the May 6, 2008 report of CTS Group; (4) to perform appropriate risk assessment that would have identified the hazard plaintiff encountered on the pier; (5) defendant's creation of a trap, hazard, and nuisance; (6) to warn plaintiff of the dangers of using the pier; and (7) failure to barricade, mark, or otherwise make obvious or eliminate the area of the pier where the "H" beam was located. Plaintiff reserves the right to produce other evidence of defendant's negligence during trial.

      (b)    Medical Expenses:

Additional treatment including, but not limited to, psychological services may be required.

**2.    Defendant:**

(a) Negligence.

The defendant asserts that there was nothing unsafe or dangerous about the area on the pier gangway where plaintiff alleges his incident to have occurred; that his fall was strictly as a result of his failure to pay attention to where he was walking and as a result plaintiff is solely at fault for the incident complained of.

**V.    THE TRIAL METHOD AND DURATION**

The case is to be tried with a jury. Plaintiff anticipates two and one-half (2 1/2) days to present his case; defendant anticipates two days ( 2 ) days to present its case.

3

VI. **TRIAL BEFORE A MAGISTRATE JUDGE**

All parties have not consented to a trial of the case before a Magistrate Judge.

VII. **STIPULATIONS OR AGREED STATEMENTS OF FACT OR LAW WHICH HAVE BEEN AGREED TO BY ALL PARTIES**

1. On September 29, 2004, plaintiff was an employee of defendant.

2. On September 29, 2004, plaintiff was a member of the crew of the vessel M/V NICHOLAS MILLER.

3. On September 29, 2004, defendant was the owner *pro hac vice* of the vessel M/V NICHOLAS MILLER.

4. On September 29, 2004, defendant was the operator of the vessel M/V NICHOLAS MILLER.

5. On September 29, 2004, defendant controlled the vessel M/V NICHOLAS MILLER.

6. On September 29, 2004, defendant owned the pier/gangway on which plaintiff claims to have fallen.

7. On September 29, 2004, defendant maintained the pier/gangway on which plaintiff claims to have fallen.

8. Defendant designed and constructed the pier/gangway on which plaintiff claims to have fallen.

9. On September 29, 2004, plaintiff sustained injury to his left ankle and foot.

10. On September 29, 2004, plaintiff was driven by a co-employee to the emergency room at St. Vincent's Hospital in Staten Island.

4

    11.    On August 28, 2006, arthroscopic surgery was performed on plaintiff's left ankle by Dr. Daniel Wilen.

## VIII. WITNESSES

### 1. Plaintiff:

Plaintiff reserves the right to offer the testimony of any of the following listed witnesses in his case-in-chief:

1. Plaintiff, Edward Pickman (in person);
2. Ted O'Hare (in person);
3. Mike Grodeska (in person);
4. Mike Steinfeld (in person);
5. John Cadamoro (in person);
6. John McLoughlin (in person);
7. Patrick Lettsome;
8. Mary Jo Polchino (in person);
9. Sven Van Batavia (by deposition);
10. Stuart K. Sokoloff (in person);
11. John P. Reilly, M.D. (in person); and
12. David B. Stein (in person).

Plaintiff reserves the right to call any witness listed by defendant, any witness necessary to authenticate exhibits, and any witness necessary to impeach defendant's witnesses or exhibits.

Defendant objects to the Testimony of David B. Stein, Ph.D., on the grounds that his supplement, which is a complete revision of his expert opinion, was issued by him on July 25, 2008 and received on July 30, 2008. It further objects on the grounds that the supplement lacks probative value in that it provides no basis by which any lost wage claim of Mr. Pickman can be calculated.

**2.    Defendant:**

Defendant reserves the right to offer the testimony of any of the following listed witnesses in its case-in-chief:

1. Hendrick Van Hemmen, P.E. (in person)
2. Sven Van Batavia (in person)
3. Herbert Sherry, M.D. (in person)
4. Rona Wexler, Ph.D. (in person)

The defendant reserves the right to call any witness listed by the plaintiff, any witness not identified which is necessary to authenticate the exhibits, and any witness not identified, which is necessary to impeach the plaintiff, witnesses or exhibits.

Plaintiff objects to the testimony of Hendrick Van Hemmen, P. E. and Rona Wexler, Ph.D. Mr. Van Hemmen's expert report was not received by plaintiff until August 26, 2008. Rona Wexler, Ph.D. was first identified by defendant on August 28, 2008 and plaintiff has never been provided with an expert report prepared by Dr. Wexler.

6

IX. **DEPOSITION TESTIMONY**

1. **Plaintiff:**

Plaintiff reserves the right to offer the following listed deposition testimony of defendant by Sven Van Batavia:

| Page | Line |
|------|------|
| 5 | 21-25 |
| 6 | 2-25 |
| 7 | 2-25 |
| 8 | 2-3 |
| 21 | 12-25 |
| 22 | 2-25 |
| 23 | 2-20 |
| 25 | 15-25 |
| 26 | 2-20 |
| 32 | 25 |
| 33 | 2-25 |
| 34 | 2-24 |
| 35 | 5-8 |
| 37 | 2-9 |

2. **Defendant:**

Defendant does not plan on reading from plaintiff's deposition transcript, except to contradict statements made at trial which are inconsistent.

7

X.  **EXHIBITS**

Those exhibits preceded by one asterisk (\*) are conceded to be authentic; and those exhibits preceded by two asterisks (\*\*) are conceded to be admissible in evidence.

1.  **Plaintiff:**

Plaintiff reserves the right to offer in his case-in-chief any of the following listed exhibits:

- \*\* 1. Plaintiff's U.S.C.G. license;
- \*\* 2. Photographs of Pier 7 ½ and related structures;
- \*\* 3. Medical records of St. Vincent's Medical Center;
- \*\* 4. Medical records of Victory Memorial Hospital;
- \*\* 5. Medical records of Daniel W. Wilen, M.D.;
- \*\* 6. Medical reports of Wayne Kerness, M.D. dated May 20, 2005 and November 28, 2005;
- \*\* 7. H.I.A. Bensonhurst Imaging Associates MRI and report of MRI dated November 15, 2004;
- \*\* 8. Richmond Imaging MRI and report of MRI dated August 4, 2006;
- \*\* 9. Various x-rays and reports of plaintiff's ankle;
- \*\* 10. (a-f). Plaintiff's U.S. Income Tax Returns and W-2s for 2000-2005.

Plaintiff reserves the right to offer any exhibit listed by defendant, or necessary to impeach defendant's witnesses or exhibits.

2. **Defendant:**

Defendant reserves the right to offer in its case-in-chief any of the following listed exhibits:

** A. Photographs of Pier 7 ½ taken by defendant's expert.

B. Defendant reserves the right to offer into evidence any and all exhibits listed by plaintiff which are not introduced in plaintiff's case in chief.

Dated: New York, New York
       September 2, 2008

FRIEDMAN, JAMES & BUCHSBAUM LLP
Attorneys for Plaintiff

By: _____
    John P. James (JJ-8110)
    132 Nassau Street, Suite 900
    New York, NY 10038
    (212) 233-9385
    e-mail: jjames@friedmanjames.com

BENNETT, GIULIANO, MCDONNELL
& PERRONE LLP
Attorney for Defendant

By: _____
    Joseph J. Perrone (JP-6832)
    494 Eighth Avenue, 7th Floor
    New York, NY 10001
    (646) 328-0120
    Fax: (646) 328-0121
    e-mail: jperrone@bgmplaw.com

9/3/08

SO ORDERED
_____
U.S.D.J.

9